# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
AMY N. HEDDENS                         *
                                       *
            Petitioner,                *    No. 15-734V
                                       *    Special Master Christian J. Moran
                                       *
                                       *    Filed: October 24, 2019
v.                                     *
                                       *
SECRETARY OF HEALTH                    *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway & Homer, P.C., Boston, MA, for Petitioner;
Christine Becer, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 17, 2019, petitioner Amy N. Heddens moved for final attorneys' fees and costs. She is awarded **$104,690.76**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*     \*     \*

On July 16, 2015, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the human papillomavirus ("HPV") vaccine she received on December 3, 2012 caused her to suffer multiple sclerosis.  Based on an evaluation of the medical records, expert reports, medical articles, and oral testimony, the undersigned ruled that petitioner was not entitled to compensation.   The undersigned determined that Petitioner failed to prove by a preponderance of the evidence that the HPV vaccine either caused Petitioner's multiple sclerosis or that it caused an exacerbation of her multiple sclerosis.  Decision, issued October 5, 2018, ECF No. 94.  Petitioner moved for a review of the decision and the United States Court of Federal Claims denied the motion on March 12, 2019.  Heddens v. Sec'y of Health & Human Serv., 143 Fed. Cl. 193, 201 (2019).

On May 17, 2019, petitioner filed a motion for final attorneys' fees and costs.  Petitioner's Application for Attorneys' Fees and Costs ("Fees App."), ECF No. 109.  She requests fees of $74,044.70 and costs of $20,368.84 for current counsel of record.  She requests fees of $8,582.50 and costs of $1,482.33 for her former counsel.  In addition, pursuant to General Order No. 9, Petitioner warrants she personally incurred $701.09 costs in pursuit of this litigation.  In sum, Petitioner requests a total of $105,179.46.  Id. at 1-2.

On May 29, 2019, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Application for Attorney's Fees ("Response"), ECF No. 111.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, petitioner's claim had a reasonable basis in

2

light of her complex medical history and the involvement of conflicting expert opinions and medical literature.  Respondent has not challenged the reasonable basis of the claim.  A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests hourly rates for the work of her current attorneys with increases for each year. Ms. Meredith Daniels performed the majority of the legal work and her rates are billed as follows:  $280.00 per hour for work performed in 2016, $286.00 per hour for work performed in 2017, $294.00 per hour for work performed in 2018, and $320.00 per hour for work performed in 2019.  Her hourly rates along with the hourly rates of the other attorneys performing work on this case are consistent with what the undersigned and other special masters have previously awarded for the work of the attorneys at Conway Homer, PC.  See, e.g.,

McClusky v. Sec'y of Health & Human Servs., No. 17-841V, 2019 WL 2407399, at *2 (Fed. Cl. Spec. Mstr. May 16, 2019).

Petitioner also requests that paralegals be compensated at rates between $135.00 and $145.00 per hour and law clerks at rates between $145.00 and $152.00 per hour. The undersigned finds that the rates sought are reasonable. See OSM Attorneys' Forum Hourly Rate Fee Schedule, 2015-2016, 2017, 2018, 2019.[2]

Petitioner requests hourly rates for the work of her former attorneys at $325.00 per hour for Mr. D. Lee Burdette and $250.00 per hour for Kelly Burdette. The undersigned finds these rates are reasonable as well. Id.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records of petitioner's attorneys and the number of hours billed by petitioner's former attorneys are reasonable. However, the undersigned finds the number of hours billed by petitioner's current attorneys to require a minor adjustment. There is an entry on August 30, 2018 for .8 of an hour of paralegal time (billed at $142.00 per hour to total $113.60) to make travel arrangements for the client and an expert. Fees App. at 25. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates").

For this reason, the undersigned reduces the final award of attorneys' fees for current counsel by $113.60. Petitioners are thus awarded attorneys' fees of **$73,931.10** for current counsel and **$8,582.50** for former counsel.

C.   Costs Incurred

---

[2] Office of Special Masters (OSM) Attorneys' Forum Hourly Rate Fee Schedules, accessed at http://www.cofc.uscourts.gov/node/2914.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $20,368.84 in costs for her current counsel. The costs include expenses related to medical records, postage, and the expert work of Dr. Salvatore Napoli in reviewing medical records, preparing an expert report and testifying in this proceeding. In this case, Dr. Napoli performed 37.5 hours of work billed at $400.00 per hour and 4.5 hours of travel billed at $200.00 per hour. Fees App at 91-92. The undersigned finds this rate and the hours billed to be reasonable.

The remainder of the requested costs for current counsel are largely reasonable in the undersigned's experience with one exception - a car service used on two occasions totaling $375.10. Fees App. at 88. The undersigned finds this cost excessive and attorneys' costs have consistently been reduced for use of limousine/black car service. See Schoeberlein v. Sec'y of Health & Human Servs., No. 14-697V, 2018 WL 3991219, at *4 (Fed. Cl. Spec. Mstr. Jun. 22, 2018); Raymo v. Sec'y of Health & Human Servs., No. 11-654V, 2016 WL 7212323, at *23 (Fed. Cl. Spec. Mstr. Nov. 2, 2016).

The undersigned reviewed the costs for petitioner's former counsel which consisted of the filing fee and expenses related to medical records and finds them reasonable.

Finally, pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $701.09. Petitioner and Counsel Statement, ECF No. 110. Petitioner's travel expenses to attend her entitlement hearing were itemized and documented. Fees App. at 94-107. The undersigned finds them reasonable.

Accordingly, petitioners are entitled to a final award of attorney's costs in the amount of **$19,993.74** for current counsel, **$1,482.33** for former counsel, and petitioner's costs of **$701.09**.

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1) **$93,924.84** representing reimbursement for petitioner's current attorneys' fees and costs, in the form of a check payable jointly to petitioner and Conway Homer, PC; and

5

2) **$10,064.83** representing reimbursement for petitioner's former attorneys' fees and costs, in the form of a check payable jointly to petitioner and Burdette Law, PLLC; and

3) **$701.09** representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

      **IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.